IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR30 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JAISANKAR MARIMUTHU, | ) | |
| CHOCKALINGAM RAMANATHAN, | ) | |
| THIRUGNANAM RAMANATHAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to certify case as extended and complex by Alan G. Stoler (Mr. Stoler) as counsel for defendant Jaisankar Marimuthu (Marimuthu) (Filing No. 98). The motion was granted on February 4, 2008 (Filing No. 110).

Because of the expected length of this case and the anticipated hardship on counsel in undertaking representation full time for such a period without compensation, pursuant to paragraph 2.30A of the Guidelines for the Administration of the Criminal Justice Act, interim payments shall apply during the course of the representation in this case by Mr. Stoler.

Counsel shall submit to the Federal Public Defender an interim CJA Form 20, "Appointment of and Authority to Pay Court Appointed Counsel." The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to the date of the conclusion of his travel to Hong Kong. Thereafter, the vouchers shall be submitted each ninety days beginning upon Marimuthu's arrival in the United States following his extradition from Hong Kong. Counsel shall complete Item 19 on the form for each interim voucher. Each interim voucher shall be assigned a number when processed for payment. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for two-thirds of the

approved number of hours. This compensation will be determined by multiplying two-thirds of the approved number of hours by the applicable rate. I will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, counsel shall submit a final voucher seeking payment of the one-third balance withheld from the earlier interim vouchers, as well as payment for representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, it will be submitted to the Chief Judge of the circuit, or his delegate, for review and approval.

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. § 3006A, (2) the Plan of the United States District Court for the District of Nebraska, available through the Federal Public Defender, and (3) Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the United States Courts, also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address inquiries directly to the Federal Public Defender or to me or my staff.

DATED this 7th day of April, 2008.

BY THE COURT:

THOMAS D. THALKEN
United States Magistrate Judge

APPROVED this 28th day of April, 2008.

JAMES B. LOKEN
Chief United States Circuit Judge
United States Court of Appeals for
the Eighth Circuit

2