IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>          Plaintiff,          )<br>                              )<br>     vs.                      )<br>                              )<br>JAISANKAR MARIMUTHU,          )<br>                              )<br>          Defendant.          ) | Case No. 8:07CR30<br><br>REPORT AND RECOMMENDATION |

This matter is before the court on the defendant's Motion to Dismiss Counts 1 and 18-23 of the Indictment (#164). The government filed its Response in Opposition to Defendant's Motion to Dismiss (#170) on August 10, 2009, at which time the motion was submitted.

Counts 18-23 of the Indictment allege aggravated identity theft in violation of 18 U.S.C. § 1028A. Count 1 alleges a conspiracy to commit offenses against the United States, including the crime of aggravated identity theft.

Section 1028A provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1).

The conspiracy count alleges that the purpose of the defendants' conspiracy to "enrich themselves by artificially inflating the prices of various securities to increase the value of the conspirators' holdings in those securities and then sell the securities to realize an illicit profit." Indictment ¶ 11. The defendants "surreptitiously and without permission" acquired the usernames and passwords of online brokerage clients to gain unauthorized access to online accounts through the Internet. In some instances, in addition to acquiring usernames and

passwords for existing client accounts, the defendants "would surreptitiously acquire individuals' personal information and establish new online brokerage accounts in the individuals' names without permission." Indictment ¶ 12. These allegations are incorporated into Counts 18-23, which allege specific instances of aggravated identity theft, i.e., that the defendant "did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person" on six separate occasions identified by date, the victims' initials, and the means of identification allegedly used by the defendant.

Recently, in *Flores-Figueroa v. United States*, the Court held that 28 U.S.C. § 1028A(a)(1) "requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." — U.S. —, 129 S. Ct. 1886, 1894 (May 4, 2009). Citing *Flores-Figueroa*, the defendant now moves for dismissal, arguing that the counts involving aggravated identity theft do not allege an essential element of the crime, i.e., that the defendant knew the means of identification specified in the indictment actually belonged to another person.

The government counters that *Flores-Figueroa* does not identify a new essential element of the crime of aggravated identity theft, nor does it require language in addition to the statutory language to properly plead a violation of aggravated identity theft. The government, in its brief, does not resist the defendant's position that the government's proof at trial must include evidence that the defendant knew the means of identification which were transferred, possessed, or used were those of another persons.

It is interesting to note that the briefs of both parties cite the case of *United States v. Opsta*, 659 F.2d 848 (8th Cir. 1981), as the basis for their position. In *Opsta*, the Eighth Circuit held that if a statute alone does not set forth all of the essential elements of the offense, an

indictment which simply tracks the language of the statute is insufficient. *Opsta*, 659 F.2d at 850. In this case, the defendant believes the indictment is insufficient because *Flores-Figueroa* requires the additional element that the defendant knew the means of identification transferred, possessed, or used was that of another person. The government believes *Flores-Figueroa* does not identify a new essential element of the crime of aggravated identity theft, but rather that the Court applied a natural reading of the word "knowingly" to all listed elements of the crime. *Flores-Figueroa*, 129 S. Ct. at 1890.

I find that *Opsta* does set out the proper framework for analysis of the issue presented in the defendant's motion; however, a plain reading of the statutory language and *Flores-Figueroa* leads me to conclude that the decision does not identify an essential new element for counts involving aggravated identity theft. This is especially true when one considers that an indictment is sufficient when it fairly informs the accused of the charges against him and also allows him to plead double jeopardy as a bar to future actions. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (an indictment is sufficient if it tracks the language of the statute and fairly informs the defendant of the nature of the charges).

Lower court decisions applying *Flores-Figueroa* do not support the conclusion that the Supreme Court identified an element of the crime of aggravated identity theft that was not already present in the statute. For example, in *United States v. Oronia-Vera*, 565 F.3d 1074 (8th Cir. 2009), a matter tried to the district court without a jury on stipulated facts. The defendant was convicted of aggravated identity theft, with the district court finding that a defendant's conduct is punishable under §1028A(a)(1) "'whether he knew that the means of identification in his unlawful possession belonged to someone else or was false altogether.'" 565 F.3d at 1075. The conviction was reversed on appeal, in light of *Flores-Figueroa*, because

the parties' stipulation did not show that the defendant knew the means of identification at issue belonged to another person.  *See id.* at 1076.

In *United States v. Ordonez-Alquijay*, 2009 WL 1955758, No. 08-1120 (8th Cir., July 9, 2009), the district court denied the defendant's motion to dismiss, rejecting the argument that § 1028A(a)(1) required the government to prove he knew that the alien registration card number in question was assigned to an actual person.  The government did not submit any evidence that Ordonez-Alquijay knew the alien registration number belonged to another person.  The defendant entered a conditional plea of guilty which was reversed on appeal and remanded for further proceedings in light of *Flores-Figueroa*.

The Tenth Circuit reversed the defendant's conviction by a jury in *United States v. Chavez-Quintana*, 2009 WL 1396808, No. 07-3323 (10th Cir., May 20, 2009), in light of *Flores-Figueroa*, because  the government failed to prove beyond a reasonable doubt that the defendant "knew that the means of identification that he used [a Social Security number] belonged to another person."  2009 WL 1396808 at *2.

Finally, in *United States v. Tureseo*, 566 F.3d 77 (2d Cir. 2009), the defendant's conviction for aggravated identity theft was reversed due to the district court's failure to instruct the jury that the defendant knew that the means of identity he used to falsely claim United States citizenship belonged to another person.  The case was remanded to the district court for further proceedings.

The results in all these cases are based on the government's failure of proof on an existing element of the crime and the lower courts' faulty interpretation of the statutory language.  The existing statutory language has always set forth the essential elements of the

crime of aggravated identity theft. While the decision in *Flores-Figueroa* determined the proper interpretation of the statutory language, it did not add an element to the offense.

In any event, the indictment alleges that the defendants surreptitiously acquired certain clients' personal information to establish new online brokerage accounts in the individuals' names without permission. If the defendants took affirmative action to acquire existing clients' personal information, it follows that they knew the identification was that of another person.

For all these reasons,

**IT IS RECOMMENDED TO THE HONORABLE LAURIE SMITH CAMP** that defendant's Motion to Dismiss Counts 1 and 18-23 of the Indictment (#164) be denied.

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) business days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be *reviewed de novo* and a different disposition made.

**DATED August 13, 2009.**

                                          **BY THE COURT:**

                                          **s/ F.A. Gossett**
                                          **United States Magistrate Judge**