# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR30 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JAISANKAR MARIMUTHU, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 171) issued by Magistrate Judge F.A. Gossett recommending that the motion to dismiss (Filing No. 164) Counts One and Eighteen through Twenty-three be denied.  The Defendant, Jaisankar Marimuthu, filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 172, 173) as allowed by 28 U.S.C. § 636(b)(1)(C).

## FACTUAL BACKGROUND

On January 7, 2007, the Defendant was charged in a multi-count Indictment that includes charges of aggravated identity theft under 18 U.S.C. § 1028A(a)(1).  Specifically, Count One charges a conspiracy to, among other things, "commit offenses against the United States, that is . . . to transfer possess, and use, without lawful authority, a means of identification of another person, during and in relation to violations of Title 18, United States Code, Sections 1030(a)(4) and 1343, contrary to Title 18, United States Code, Section 1028A."  (Filing No. 5.)  Counts Eighteen through Twenty-one charge "did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person," as specified in Counts Eighteen through Twenty-one.  (Filing No. 5.) Finally, Counts Twenty-two and Twenty-three use the same language as Counts Eighteen and Twenty-One.  (Filing No. 5.)

The Defendant moves to dismiss Counts One and Eighteen through Twenty-three, alleging aggravated identity theft, in light of a recent Supreme Court case, *Flores-Figueroa v. United States,* 129 S. Ct. 1886 (2009), in which the Supreme Court resolved a circuit split and concluded that in a case involving a charge under § 1928A(a)(1) the government must prove that "the defendant knew that the means of identification at issue belonged to another person."

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

In *Flores-Figueroa,* the defendant was found guilty at trial after the district court denied his motion for acquittal. The same issue raised in that motion for acquittal is raised in Marimuthu's case, however it is raised at the pretrial motion stage in the context of the sufficiency of the indictment. The issue has not been addressed in the sufficiency-of-an-indictment context before the Eighth Circuit or in any other court. *See United Sates v. Jenkins,* 574 F.3d 950, 969 n. 7 (8th Cir. 2009) (the indictment sufficiently charged the offense of aggravated identity theft; however, the issue of the sufficiency of the indictment in light of *Flores-Figueroa* was not before the court). Since the Supreme Court's decision in *Flores-Figueroa,* courts have vacated convictions in light of the decision, *see, e.g., United States v. Gaspar,* 2009 WL 2917740, at *6 (11th Cir. Sept. 14, 2009), *United States*

2

*v. Buckeridge,* 326 Fed. Appx. 72, at **1 (3d Cir. June 1, 2009).  But, no indictments have been dismissed.

Marimuthu argues that the words of the statute used in charging the relevant counts in the Indictment do not set forth all of the essential elements of the crimes charged, as those words do not unambiguously apprise him of the offenses charged.  Therefore, he argues that the relevant counts of the Indictment must be dismissed.  The government argues that *Flores-Figueroa* does not identify a new essential element of the offense of aggravated identity theft or require that an indictment contain additional language beyond the language of the statute.

In *United States v, Opsta,* 659 F.2d 848 (8th Cir. 1981), the Eighth Circuit summarized the general rule that it is generally sufficient for an indictment to charge an offense in the words of the statute "as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* at 850 (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974)).  There is no authority indicating that in this case the indictment, which tracks the language of § 1028A(a)(1), fails to set out all the necessary elements of the offense.  As explained in *Flores-Figueroa,* "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime." *Flores-Figueroa,* 129 S. Ct. at 1890.  In short, the Court agrees with Judge Gossett's analysis of the issue.

3

IT IS ORDERED:

1.      The Magistrate Judge's Report and Recommendation (Filing No. 171) is adopted in its entirety;

2.      The Defendant's objections to the Report and Recommendation (Filing No. 172) are overruled; and

3.      The Defendant's Motion to dismiss Counts One and Eighteen through Twenty-three (Filing No. 164) is denied.

DATED this 17th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4