IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR30 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JAISANKAR MARIMUTHU, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the findings and recommendations (Filing Nos. 187, 188) issued by Magistrate Judge F.A. Gossett recommending that the following motions filed by the Defendant, Jaisankar Marimuthu, be denied: to dismiss and request for an evidentiary hearing (Filing No. 179); and to suppress and request for an evidentiary hearing (Filing No. 177). Marimuthu filed objections to both findings and recommendations (Filing Nos. 189, 190) as allowed by 28 U.S.C. § 636(b)(1)(C).

Marimuthu is charged in a multi-count Indictment with: conspiracy to commit computer fraud, securities fraud, wire fraud, and aggravated identity theft (Count One); accessing a computer in furtherance of a scheme to defraud (Counts Two through Seven); accessing a protected computer in furtherance of a scheme to defraud (Counts Eight and Nine); wire fraud (Counts Ten through Fifteen); securities fraud (Counts Sixteen through Seventeen); aggravated identity theft (Counts Eighteen through Twenty-three); and forfeiture. (Filing No. 5.) In his findings and recommendations, Judge Gossett set out thorough factual statements relating to each of the issues presented.

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has

objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## I. Motion to Suppress

Marimuthu seeks the suppression of statements made on December 20 and 21, 2006, to law enforcement officers of the Hong Kong Special Administrative Region ("HKSAR") and evidence derived from those statements. The government responded with a brief and an index of evidence. (Filing Nos. 185, 186.) The government's record includes transcripts and DVD recordings of both Hong Kong interviews. (Filing No. 186.)

When confronted with a statement given to foreign law enforcement officers the Court should view the totality of the circumstances in determining whether the statements were voluntarily made. The administration of *Miranda* warnings is not a sole deciding factor.[1] *In re Terrorist Bombings of U.S. Embassies in East Africa,* 552 F.3d 177, 202-03 (2d Cir. 2008), *cert. denied sub nom., Odeh v. United States,* 129 S. Ct. 2765 (2009), and *Al-"Owhali v. United States,* 129 S. Ct. 2778 (2009)). Therefore, the general rule is that "'statements taken by foreign police in the absence of *Miranda* warnings are admissible if voluntary,' subject to two exceptions." *Id.* at 203 (quoting *United States v. Yousef,* 327 F.3d 56, 145 (2d Cir. 2003)). One exception is the "joint venture doctrine," which refers to a situation in which United States law enforcement agents "'actively participate in questioning conducted by foreign authorities.'" *Id.* (quoting *Yousef,* 327 F.3d at 145). The other

---

[1] Even if *Miranda* warnings are given, they need not be given in the same words or form that we are accustomed to in the United States. *In re Terrorist Bombings,* 552 F.3d at 204 (citing *Duckworth v. Eagan,* 492 U.S. 195, 202 (1989)) (quoting *California v. Prysock,* 453 U.S. 355, 359 (U.S. 1981)).

exception relates to situations in which statements are obtained under circumstances that "'shock the judicial conscience.'" *Id.* at 203 n.18 (quoting *Yousef,* 327 F.3d at 146).

In his findings and recommendations, Judge Gossett concluded: the record does not support the argument that HKSAR police acted in conjunction with United States law enforcement or as agents of the United States; the record shows no evidence that "shocks the conscience"; and the evidence shows no sign of coercion or duress during Marimuthu's questioning. Therefore, Judge Gossett recommends that the motion to be denied. Judge Gossett recommends that, if this Court desires an evidentiary hearing, that the Court hold the hearing immediately before trial because witnesses from Hong Kong would need to be present. (Filing No. 188.)

Marimuthu objects, arguing that Judge Gossett erred in:

- concluding that the Hong Kong interviews were not a joint effort with the United States;

- concluding that the Hong Kong authorities did not act as agents for the United States; and

- failing to address whether Marimuthu's statements were voluntary under the Fiofth and Sixth Amendments to the United States Constitution.

(Filing No. 189.)

Marimuthu did not, however, specify the bases for his objections. NECrimR 59.2(a) (requiring a statement of objection, a basis for the objection, and an indication whether the objecting party relies on a newly or previously filed brief). Marimuthu stated that he relies on his previously filed brief.

3

### A. Joint Effort

Marimuthu relies on his previously filed brief, which only addresses the issue of voluntariness. The brief does not address the issue of Hong Kong law enforcement acting jointly with the United States. In addition, Marimuthu provides no basis or citation to the record supporting his objection. Therefore, the objection is denied.

### B. Agents of the United States

This objection is denied for the same reason stated above with respect to the issue of "joint effort."

### C. Voluntariness

Marimuthu asserts that Judge Gossett failed to address the issue of voluntariness, arguing that his Fifth and Sixth Amendment rights were violated. Although Judge Gossett did not directly address the issue, his detailed factual summary addressed facts relating to the issue of voluntariness. (Filing No. 188, at 1-2, 3.) Judge Gossett then decided that Marimuthu's statements were voluntarily made in relation to his conclusion that no facts in the record support the exception relating to a shocking of the "judicial conscience." (Filing No. 188, at 8.) The general issue of voluntariness is discussed below.

#### 1. Sixth Amendment

A defendant's Sixth Amendment right attaches after arraignment. *Michigan v. Jackson,* 475 U.S. 625, 629 (1986). In this case, the Complaint was filed on or about the same day as the second questioning. (Filing No. 1.) The Indictment followed on January 18, 2007. Arraignment did not occur until June 25, 2009. (Filing No. 155.) Therefore, Marimuthu's Sixth Amendment right had not attached when he was questioned.

Nevertheless, the Court notes that he had an interpreter and a legal "representative" present on both occasions when he was questioned. Marimuthu did not address the Sixth Amendment in his brief. For these reasons, the Court concludes that Marimuthu's Sixth Amendment rights were not violated. The objection is denied.

## 2.   *Fifth Amendment*

The record does not indicate that Marimuthu's statements were obtained by coercion or duress or that the statements were involuntary. However, the record is incomplete. For example, the record fails to include the written warning statements that Marimuthu read prior to each questioning. Although the *Miranda* warnings are not conclusive and need not be precise, the warnings presented to Marimuthu are certainly relevant when viewing the totality of the circumstances. Specifically relevant to the question of voluntariness are the following factors:

> (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b).

Marimuthu's argument that physical evidence should be suppressed is based on the premise that the evidence is a fruit of his statements that he argues were illegally obtained.

The Court concludes that the voluntariness issue must be addressed in an evidentiary hearing, and the Court appreciates Judge Gossett's suggestion that any hearing be held immediately before trial in light of the geographical distance of the prospective witnesses. Therefore, the Magistrate Judge's findings and recommendations will be

5

overruled with respect to the issue of voluntariness, the motion to suppress will be held in abeyance with respect to the issue of voluntariness, and a voluntariness hearing will be held immediately before trial. The issue of the suppression of physical evidence as fruits of the allegedly illegal statements will then be addressed as necessary.

## *II.    Motion to Dismiss*

Marimuthu seeks dismissal based on double jeopardy, arguing that he has already been prosecuted and sentenced in Hong Kong for similar crimes of money laundering and computer theft. (Filing No. 179.) Marimuthu argues that the Hong Kong case was merely a sham initiated to benefit the United States' prosecution. Marimuthu submitted a supporting brief and an index of evidence. (Filing Nos. 180, 181.)

The government argues that this is not an instance of double jeopardy because: different offenses are involved in the two cases; even if the offenses are the same, the dual sovereignty doctrine precludes a finding of double jeopardy; and the Hong Kong case was not a sham, and therefore the "sham" exception to the dual sovereignty doctrine is not implicated. The government argues that Marimuthu did not meet his burdens of showing a nonfrivolous double jeopardy claim or that the Hong Kong case was a sham. The government filed a brief and an index of evidence. (Filing Nos. 183, 184.)

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution precludes multiple prosecutions for the same offense by the same sovereign, but not by different sovereigns. *United States v. Vinson,* 414 F.3d 924, 928-29 (8th Cir. 2005). An exception exists to the dual sovereignty doctrine where the prosecution by the other sovereignty is a sham for the United States' federal prosecution. *United States v. Williams,* 104 F.3d 213, 216 (8th Cir. 1997) (quoting *United States v. Garner,* 32 F.3d 1305,

1310 (8th Cir. 1994) (quoting *Bartkus v. Illinois,* 359 U.S. 121, 124 (1959))).  The exception is a narrow one.  *United States v. Moore,* 822 F.2d 35, 37 (8th Cir. 1987).  Cooperation between the sovereignties alone does not lead to a sham prosecution.  *United States v. Johnson,* 169 F.3d 1092, 1096 (8th Cir. 1999).  The deciding factor is whether the second sovereign acted independently.  *Id.* (citing *Bartkus,* 359 U.S. at 124).

In his findings and recommendations, Judge Gossett set out a detailed factual summary and concluded that the Hong Kong prosecution was not a sham prosecution on behalf of the United States.

Marimuthu objects, arguing that Judge Gossett erred in concluding: the Hong Kong prosecution was not a sham prosecution; and the instant prosecution is not subject to double jeopardy protection.  Marimuthu relies on his previously filed brief.  (Filing No. 190.)

Marimuthu has the initial burden of showing a nonfrivolous double jeopardy claim by illustrating that the offenses are the same in law and fact.  If Marimuthu succeeds, the burden shifts to the government to show by a preponderance of the evidence that the United States and Hong Kong have charged different offenses.  *United States v. Okolie,* 3 F.3d 287, 289 (8th Cir. 1993).  A review of the evidence presented shows that the two actions involve charges relating to financial transactions committed in similar ways.  However, the evidence shows that the actions involve different accounts, victims, securities, and securities markets.  (*Compare* Filing No. 184, Ex. 1 (Summary of Facts Regarding Hong Kong charges) *with* Filing Nos. 1, 5 (Complaint and Indictment in the instant case).)  The Court agrees with Judge Gossett that, "[a]t most, Marimuthu has shown there was cooperation between the two sovereigns."  (Filing No. 187, at 6.)  An evidentiary hearing is not required.  Therefore, the objections are denied.

7

## CONCLUSION

For the reasons discussed, regarding the motion to suppress, Judge Gossett's findings and recommendations will be overruled with respect to the issue of voluntariness, the motion to suppress will be held in abeyance with respect to the issue of voluntariness, and a voluntariness hearing will be held before trial on the first day of trial, and the factors set out in 18 U.S.C. § 3501(b) will be addressed, in addition to other relevant facts. The issue of the suppression of physical evidence as fruits of the allegedly illegal statements will then be addressed as necessary.

With respect to the motion to dismiss, Judge Gossett's findings and recommendations are adopted in their entirety, and the Defendant's objections are denied.

IT IS ORDERED:

1. The Magistrate Judge's findings and recommendations (Filing No. 188) regarding the Defendant's motion to suppress are overruled with respect to the issue of voluntariness;

2. A voluntariness hearing will be held before trial on the first day of trial, and, depending on the outcome, the issue of the physical evidence will be addressed;

3. The Defendant's objections to the findings and recommendations (Filing No. 189) are granted insofar as a voluntariness hearing will be held, and otherwise the objections are denied;

4. The Defendant's motion to suppress (Filing No. 177) is held in abeyance as discussed in the above memorandum;

5.  The Magistrate Judge's findings and recommendations (Filing No. 187) regarding the Defendant's motion to dismiss are adopted in their entirety;

6.  The Defendant's objections to the findings and recommendations (Filing No. 190) are denied; and

7.  The Defendant's motion to dismiss (Filing No. 179) is denied.

DATED this 2nd day of December, 2009.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge