### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR30** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JAISANKAR MARIMUTHU,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 214), and the Defendant's statement of position (Filing No. 214). The government adopted the PSR (Filing No. 213). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the following paragraphs of the PSR: ¶ 68 - a 4-level enhancement under U.S.S.G. § 2B1.1(b)(2)(B) for more than 50 but less than 250 alleged victims; and ¶ 71 - a 2-level enhancement under U.S.S.G. § 3B1.1(c) for Defendant's alleged role as an organizer, leader, manager, or supervisor. The Defendant also moves for a variance or departure. These matters are discussed below.

*I.   Objections*

    *A.   ¶ 68 - § 2B1.1(b)(2)(B) - Number of Victims*

The Defendant argues that the number of account holders does not reflect the number of victims under § 2B1.1(b)(2)(B), reasoning that losses were absorbed by the brokerage houses and that the account holders did not sustain actual loss.

The objection will be heard at sentencing, and the government has the burden of proof by a preponderance of the evidence.

### B.      ¶ 71 - § 3B1.1(c) - Aggravating Role

The Defendant argues that he is not an organizer, leader, manager, or supervisor. The objection will be heard at sentencing, and the government has the burden of proof by a preponderance of the evidence.

## II.     Motion for Variance or Departure

The motion will be heard at sentencing.

IT IS ORDERED:

1.      The Defendant's objections to ¶¶ 68 and 71 will be heard at sentencing;

2.      The Defendant's motion for variance or departure (Filing No. 214) will be heard at sentencing;

3.      If the parties require more than 30 minutes for the entire sentencing hearing, they should immediately contact Edward Champion and reschedule the hearing;

4.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

    5.    Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

    6.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

    DATED this 15th day of April, 2010.

                                BY THE COURT:

                                s/Laurie Smith Camp
                                United States District Judge