IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR30 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JAISANKAR MARIMUTHU, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 248) filed by the Defendant, Jaisankar Marimuthu. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Marimuthu pleaded guilty to Counts One and Twenty-Two of the Indictment charging him with: conspiracy to commit computer and securities fraud (Count One); and aggravated identity fraud (Count Twenty-Two). The plea agreement included a plea waiver and a waiver of the right to file post-conviction proceedings under 28 U.S.C. § 2255, with the following limited circumstances:

> (a) The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or

> the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.
>
> (b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

(Filing No. 208, at 6.)

Marimuthu was sentenced to 57 months imprisonment on Count One and 24 months on Count Twenty-Two, with the latter term to be served consecutively. Restitution was ordered jointly and severally in the amount of $2,483,375.41. A direct appeal was filed; however, the Eighth Circuit Court of Appeals enforced the appeal waiver and in a per curiam opinion dismissed the appeal. Marimuthu's petition for rehearing by the panel was denied. His timely § 2255 motion followed.

## DISCUSSION

In his § 2255 motion, Marimuthu argues: he received ineffective assistance of counsel from this retained counsel, Alan Stoler (Claim One); a lack of evidence supported the enhancement for the loss amount (Claim Two); a lack of evidence supported the enhancement for the number of victims (Claim Three); and he is entitled to relief based on humanitarian grounds (Claim Four). Marimuthu attached a number of supporting documents to his motion. His claims are discussed below.

### I. Claim One: Ineffective Assistance of Counsel

Specifically, Gonzalez argues that Stoler failed to: object effectively to the loss amount and the number of victims reported in the Presentence Investigation Report ("PSR"); correctly advise him regarding which plea offer to accept; and file a notice of appeal regarding the sentencing issues of the amount of loss and the number of victims.

In order to establish ineffective assistance of counsel, Gonzalez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that the result of the proceeding in question would have been different absent the alleged deficient performance of counsel. *Id*. at 687.

**A.     Loss Amount**

The record does not show that Stoler objected to the loss amount. The government will be ordered to answer this claim.

**B.     Number of Victims**

Stoler used every available opportunity to object to the number of victims stated in the PSR. He zealously represented Marimuthu with respect to this issue. Marimuthu cannot prove at least the first prong of *Strickland,* and this claim is summarily denied.

**C.     Decision to Plead Guilty**

Marimuthu argues that by following his attorney's advice and not pleading guilty under the proposed Rule 11(c)(1)(C) agreement and instead accepting the Rule 11(c)(1)(B) agreement he received an additional 9 months imprisonment. The government will be ordered to answer this claim.

**D.     Notice of Appeal**

Marimuthu argues that his attorney failed to file a notice of appeal when directed to do so. However, Stoler filed a timely notice of appeal. (Filing No. 227.) The appeal was dismissed. Marimuthu cannot prove either *Strickland* prong and, therefore, this claim will be summarily denied.

**II.   Claims Two (Sufficiency of the Evidence - Loss Amount); Three (Sufficiency of the Evidence - Number of Victims); and Four (Humanitarian Grounds)**

These claims are precluded by Marimuthu's waiver of his right to file claims under § 2255, as the claims do not fall within the listed exceptions. Claims Two, Three, and Four will be summarily denied.

IT IS ORDERED:

1.   The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 248);

2.   Upon initial review, the Court summarily dismisses Claims IB, ID, II, III, and IV;

3.   On or before June 10, 2011, the United States shall file an Answer to Claims IA and IC and support its Answer with a brief;

4.   On or before July 11, 2011, the Defendant may file a responsive brief.; and

5.   The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 6th day of May, 2011.

                                                                           BY THE COURT:

                                                                           S/Laurie Smith Camp
                                                                           United States District Judge